# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD RAY CROOMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-2069 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner, Leonard Ray Crooms, brings this application for habeas corpus relief under 28 U.S.C. § 2254. The Petitioner is in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). This Court dismisses this action for the reasons stated below.

### I. BACKGROUND AND CLAIMS

The 185th District Court of Harris County, Texas, convicted Petitioner of aggravated robbery on March 7, 1993, and gave him a life sentence. Petitioner does not challenge his conviction or sentence. Rather, he challenges the TDCJ-CID's execution of his sentence.

1

Petitioner raises these grounds for relief:

1. Petitioner has been denied equal protection by being held in prison for 22 years though he is eligible for mandatory supervision release after 20 years.

2. The Texas Board of Pardons and Paroles (Board) denied Petitioner mandatory supervision release for the same reason in both 2002 and 2004 violating the *ex post facto* clause.

3. The Board admitted they used false documents in denying parole release. There is no statistical data to prove one of the bases used to deny Petitioner parole release.

4. The Board has created an illegal sentence by giving Petitioner a sentence of life without parole.

## II. MANDATORY SUPERVISION RELEASE

In his first ground for relief, Petitioner claims the Board unconstitutionally denied him mandatory supervision release on his life sentence. At the time of Petitioner's offense and conviction, Texas prisoners with a numerical sentence were eligible for mandatory supervision release after serving one-third of their sentence or 20 years, whichever was less. *See generally* TEX. CODE CRIM. P. ANN. art. 42.12, 42.18 (repealed). For prisoners convicted of less serious crimes, both calendar or flat time and good conduct time were used to calculate the date the inmate was subject to release. For more serious crimes, including Petitioner's offense of aggravated robbery, the calculation for the mandatory supervision release date was based on calendar time

only. Petitioner contends the Board should have released him on mandatory supervision once he had served 20 calendar years on his sentence.

An opinion of the Texas Court of Criminal Appeals which directly addresses Petitioner's claim forecloses his argument. Under Texas law, a prisoner sentenced to life is not eligible for mandatory supervision release. *See Ex Parte Franks*, 71 S.W.3d 327, 327 (Tex. Cr. App. 2001). This Court must defer to the Texas Court of Criminal Appeals in interpreting a Texas statute. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995) (federal courts are required to accord due deference to the state courts' interpretation of state law). There is nothing in the *Franks* opinion to suggest the Texas Court of Criminal Appeals was mistaken in reaching its result. However, even if the Texas Court of Criminal Appeals erred in the *Franks* opinion, it would not alter the outcome here, absent a separate violation of the U.S. Constitution. Federal habeas corpus relief will not issue to correct possible errors of state statutory law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Moreover, the Court of Appeals for the Fifth Circuit has expressly held that denying mandatory supervision release to a Texas prisoner with a life sentence does not violate the U.S. Constitution. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (citing *Ex Parte Franks*).

Petitioner does not show that the Board denied him a protected interest under the

Constitution or denied him equal protection by failing to release him to mandatory supervision.

## III. THE *EX POST FACTO* CLAUSE

Petitioner next claims the Board denied him mandatory supervision release for the same reason in both 2002 and 2004 in violation of the *ex post facto* clause.

A change in a law or rule violates the *ex post facto* clause if it "changes the punishment, and inflicts a greater punishment than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 390 (1798). The Supreme Court has said in the parole context that the question is not whether a change produces some sort of "disadvantage," nor on whether the change affects a prisoner's "opportunity to take advantage of provisions for early release," but on whether the change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. *See California Dep't of Corrections v. Morales*, 514 U.S. 499, 506 n. 3 (1995).

Petitioner appears to claim that denying him release based on a ground used previously is an *ex post facto* violation. The claim that denying parole or mandatory supervision bottomed on a previously used basis violates the *ex post facto* clause is frivolous on its face. For example, if the Board determines that they should not release a prisoner because his past criminal history makes him unsuitable, that criteria would necessarily still apply at his next review.

4

## IV. FALSE DOCUMENTS

Petitioner further claims the Board admitted they used false documents in denying parole and there is no statistical data to prove one of the bases used to deny him parole. The Board has wide discretion in determining which eligible inmates they should release to parole. *See, e.g., Ex parte Rutledge*, 741 S.W.2d 460 (Tex.Crim.App.1987); *Felan v. State*, 44 S.W.3d 249, 257 (Tex.App.-Fort Worth 2001, pet. ref'd) ("Parole ..... is completely discretionary"). More important, Texas prisoners do not have a due process liberty interest in parole release. *See Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997). The process under which the Board denied Petitioner parole is not subject to a constitutional challenge. Furthermore, Petitioner's claim appears to be premised on the incorrect assumption that the Board is prohibited from basing a parole denial on a reason which is not supported by statistics showing that those parolees are less likely to succeed on parole. Petitioner's conclusory allegation concerning false documents is insufficient to show a Constitutional violation.

## V. LIFE WITHOUT PAROLE

Petitioner's last ground is that the Board created an illegal sentence by giving him a sentence of life without parole. This is not a separate claim—it is a corollary of the other claims.

There are only two ways in which a Texas prisoner becomes eligible for release:

parole or mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Petitioner is not eligible for mandatory supervision. Parole is discretionary and the Board may continually deny parole. As explained above, denial of mandatory supervision or parole to Petitioner does not violate the Constitution. Therefore, Petitioner may effectively have a sentence of life without parole without suffering a Constitutional deprivation.

## VI. CONCLUSION

The federal courts are authorized to dismiss habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's habeas petition fails to state a claim upon which relief may be granted and is frivolous because it lacks an arguable basis in law. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, it is ORDERED that the petition be DENIED and Petitioner's habeas corpus claims be DISMISSED for failure to state a claim upon which relief may be granted and as frivolous.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement

to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 20th day of June, 2005.

_____

DAVID HITTNER

United States District Judge